IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUFUS D. ANDERSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 05-144-SLR |
| | ) |
| F.C.M. and Sgt. M. Moody, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff Rufus D. Anderson brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and on April 14, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3) The Court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.   THE COMPLAINT**

Plaintiff alleges he was subjected to cruel and unusual punishment. He asks for release from imprisonment and monetary damages.

**II.   STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

III. ANALYSIS

   A.   Pleading Deficiency

Plaintiff's statement of claim is stated in full as follows: "Cruel and unusual punishment." (D.I. 1) Plaintiff provides no details regarding the alleged actions of defendants F.C.M. and St. M. Moody. Pro se plaintiffs are not held to a heightened

pleading requirement when filing civil rights complaints. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004)(citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)). Nonetheless, plaintiff's complaint "lack[s] enough detail to ... serv[e] its function as a guide to discovery." Alston v. Parker, 363 F.3d at 253 (internal citations omitted). As currently presented, the claims against F.C.M. and Sgt. M. Moody have no arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. at 325. Therefore, the claims are frivolous and are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

    B.    **Appointment of Counsel**

Plaintiff filed two motions for appointment of counsel. (D.I. 11, 16) Plaintiff, as a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to appointed counsel. See Ray Robinson, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion, however, to seek representation by counsel for plaintiff. This is done only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d

Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

Plaintiff has made no showing of a meritorious claim. As discussed above, his complaint is frivolous. The motions are therefore denied.

## IV.  CONCLUSION

At Wilmington this 14th day of December, 2005 for the reasons set forth above;

IT IS ORDERED that:

1.  Plaintiff Rufus D. Anderson's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2.  The motions for appointment of counsel are denied.

_____
UNITED STATES DISTRICT JUDGE